RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/22/05
BY DM

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

BRAD DECKER, JR.

CRIMINAL NO. 99-50101-03
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is Brad Decker's ("Decker") "Motion For Relief From Judgment And For Leave To Amend Pleadings" under Federal Rule of Civil Procedure 60(b). See Record Document 404. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

The facts of this case are not relevant to the ruling on the motion before the court. A recitation of a portion of the procedural history, however, is in order. On April 19, 2000, Decker was convicted by a jury of conspiracy to possess and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (counts one, six, and seven of the indictment). On August 22, 2000, Decker was sentenced to 120 months of imprisonment, to be followed by eight years of supervised release. On July 7, 2001, Decker's conviction was affirmed by

the United States Court of Appeals for the Fifth Circuit. Decker then filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which this court denied in a memorandum ruling dated March 15, 2002 (Record Document 365). He has now filed a "Motion For Relief From Judgment And For Leave To Amend Pleadings" under Federal Rule of Civil Procedure 60(b) (Record Document 404).

## II. ANALYSIS

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). Decker has filed such a motion in this case primarily alleging that his trial counsel was ineffective in that he "permitted Mr. Decker's mandatory minimum to be doubled based upon 21 U.S.C. § 851's provisions" despite the government's failure to serve the defendant with notice of its intent to seek this particular enhancement at sentencing as required by the statute. Record Document 404. However, the Fifth Circuit Court of Appeal has indicated that the courts should "look beyond a formal title affixed to a motion if the

motion is the functional equivalent of a motion under § 2255." United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). That is exactly what is before the court today. While Decker has classified his argument as a Rule 60(b) motion, he actually seeks to set aside his conviction on constitutional grounds. As such, his Rule 60(b) motion may be treated as a second successive petition under section 2255. See id. at 553.

It is well established that a successive section 2255 motion requires certification by the Fifth Circuit Court of Appeal prior to filing. See 28 U.S.C. § 2255; Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002). Decker has not met this burden, therefore his motion must be **DENIED**. If Decker wishes to continue with this second successive section 2255 motion, he must first seek certification from the Fifth Circuit. See id.

### III. CONCLUSION

For the reasons stated above, Decker's motion under Rule 60(b) for relief from judgment (Record Document 404) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of July, 2005.

JUDGE TOM STAGG